

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

This Opinion
Overrules Opinion

# V-69

*where conflicts*

April 23, 1963

Mr. R. L. "Bob" Lattimore        Opinion No. C-61
Criminal District Attorney
Hidalgo County                   Re:  Whether a Tax Assessor and
Edinburg, Texas                       Collector is authorized to
                                      issue a 30 day temporary
                                      registration permit to a non-
                                      resident trucker, under the
                                      stated conditions and related
Dear Mr. Lattimore:                   question.

You have asked this office the following questions:

"1.  Is the Tax Assessor and Collector of
Hidalgo County authorized to issue a thirty-
day temporary registration permit under Section
2A of Article 827b, P.C., to a nonresident
trucker who complies with every requirement of
said Section 2A for the issuance of such per-
mit but does not disclose whether or not he is
a motor carrier or contract carrier, as those
terms are defined in Article 911b of the Texas
Penal Code, (sic) so as to fully inform such
Tax Assessor and Collector as to whether such
applicant is entitled to operate in the State
of Texas under such permit as issued?

"2.  If your answer to Question No. 1 is
in the affirmative, then is it your opinion
that the State Highway Department of Texas,
under the present law, could require such in-
formation to be disclosed before such a tem-
porary permit would issue?"

The pertinent parts of Section 2A of Article 827b of Ver-
non's Penal Code are as follows:

"To expedite and facilitate, during the
harvesting season, the harvesting and market-
ing of wheat, oats, rye, barley, grain sorghums,
flax, rice; vegetables in bulk, field crates,
or bags, produced in this State, the Department
is authorized to issue to a nonresident owner
a thirty (30) day temporary registration permit

-294-

for any truck, truck-tractor, trailer or semi-trailer to be used in the movement of such commodities from the place of production to market, storage or railhead, not more than seventy-five (75) miles distant from such place of production.

"To expedite and facilitate, during the harvesting season, the harvesting and movement of farm products produced outside of Texas but marketed or processed in Texas or moved to points in Texas for shipment, the Department is authorized to issue to a nonresident owner a thirty (30) day temporary registration permit for any truck, truck-tractor, trailer or semi-trailer to be used in the movement of such farm commodities from the point of entry into Texas to market, storage, processing plant, railhead or seaport not more than eighty (80) miles distant from such point of entry into Texas.  All mileages and distances referred to herein are State Highway mileages. Before such temporary registration provided for in this paragraph may be issued, the applicant must present satisfactory evidence that such motor vehicle is protected by such insurance and in such amounts as may be described in Section 5 of the Texas Motor Vehicle Safety-Responsibility Act (Article 6701h, Vernon's Texas Civil Statutes) as it is now written or as it may hereafter be amended, and such policies must be issued by an insurance company or surety company authorized to write Motor Vehicle Liability Insurance in this State; and that such vehicle has been inspected as required under the Uniform Act Regulating Traffic on Highways in Texas (Article XV of Article 6701d, Vernon's Texas Civil Statutes) as it is now written or as it may hereafter be amended.

"The Department is authorized to prescribe the form of the application and the information to be furnished therein for such temporary registration permits.  If the application is granted, the Department shall issue a special distinguishing insignia which must be attached to such vehicle in lieu of the regular Texas Highway registration plates.

Such special insignia shall show its expiration date.  The temporary registration permit fee shall be one-twelfth (1/12) of the annual Texas registration fee for the vehicle for which the special permit is secured.

"The temporary permits herein authorized shall be issued only when the vehicle for which said permit is issued is legally registered in the nonresident owner's home State or Country for the current registration year; and said permit will remain valid only so long as the home State or Country registration is valid; but in any event the Texas temporary registration permit will expire thirty (30) days from the date of issuance.  Not more than three (3) such temporary registration permits may be issued to a nonresident owner during any one (1) vehicle registration year in the State of Texas. A vehicle registered under the terms of this Act may not be operated in Texas after the expiration of the temporary permit unless the nonresident owner secures a second temporary permit as provided above, or unless the nonresident owner registers the vehicle under the appropriate Texas vehicular registration statutes, applicable to residents, for the remainder of the registration year.  No such vehicle may be registered with a Texas farm truck license.

"  . . .

"Nothing in this Act shall be construed to authorize such nonresident owner or operator to operate or cause to be operated any of such vehicles in this State in violation of Acts, 1929, Forty-first Legislature, Chapter 314, as amended (Article 911b, Vernon's Civil Statutes) or any of the other laws of this State."

Section 3 of Article 827b, Vernon's Penal Code, provides in part as follows:

"  . . .

"This Act applies to registration of vehicles only, and nothing herein shall be construed to authorize the operation or movement of any vehicle in this State in violation of any other

laws of this State."

We can find no cases interpreting the statutes insofar as your questions are concerned. In 1947 in Opinion No. V-66 we held that:

"Trailers and semi-trailers as defined in Article 827b, Section 1, V. A. P. C., that are owned by nonresidents and used in transportation for compensation or hire over the public highways of Texas cannot obtain a 'temporary registration certificate' as provided for in Article 827b, supra, but in order for their operation to be lawful, such trailers and semi-trailers must be registered in accordance with Texas Laws regarding the registration of commercial vehicles."

The language of the statute has been changed since then and the conclusion in that opinion does not apply under the present law. For this reason we overrule that opinion insofar as the above language is concerned. Section 2a authorizes the issuance of thirty (30) day temporary registration permits when; (1) satisfactory evidence that such motor vehicle is protected by insurance as set out in the statute, and (2) such motor vehicle has been inspected as required by the uniform act regulating traffic on highways in Texas. The Act further provides that the temporary permit "shall be issued only when the vehicle for which said permit is issued is legally registered in the nonresident owner's home State or Country for the current registration year." We can find no requirement in the statute that the State Highway Department or the Tax Assessor and Collector of the county is authorized or permitted to add any additional requirements as a prerequisite to the issuance of these certificates nor can we find any place in the statute where the duty is placed upon the Tax Assessor and Collector to see that no certificates are issued except to those who disclose whether or not they are motor carriers or contract carriers as defined in Article 911b, Vernon's Civil Statutes. Article 827b is a registration statute only and does not affect the regulation of motor carriers for hire. The enforcement of Article 911b, Vernon's Annotated Civil Statutes, is made a duty of the Railroad Commission of Texas and the Department of Public Safety of Texas by Articles 911b, Vernon's Civil Statutes, and 1690b, Vernon's Penal Code, and not the duty of the Tax Assessor and Collector or the State Highway Department. We are, therefore, of the opinion that the Tax Assessor and Collector must issue the certificates provided the conditions stated in the statute as set out above are complied with.

According to the terms of Article 827b, Section 2a, as quoted above, the form of the application and the information to be required of the applicant is placed within the discretion of the State Highway Department. The State Highway Department may, under the present law, require the applicant to state whether or not he is a motor carrier or contract carrier as defined in Article 911b; however, whether or not they require such information is entirely within their discretion.

## S U M M A R Y

The Tax Assessor and Collector of Hidalgo County must issue a thirty (30) day temporary registration permit under the provisions of Section 2a of Article 827b, Vernon's Penal Code, to nonresident truckers who comply with the requirements set out in that section.

The State Highway Department may require the applicant to state whether or not he is a motor carrier or contract carrier as defined in Article 911b, Vernon's Civil Statutes, however, whether or not such information is required rests entirely within the discretion of the State Highway Department.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By _____
NORMAN V. SUAREZ
Assistant Attorney General

NVS:nss

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Scott Garrison
Edward R. Moffett
Malcolm Quick

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone